## TERRITORY OF NEW MEXICO *v.* ANTONIO VALDEZ.

JURISDICTION AS TO ASSAULT.—Justices of the peace have exclusive original jurisdiction of the crime of assault and battery, or assault as defined by section 11, chapter 55, Compiled Laws, and an indictment for such an offense in the district court may be quashed.

STATUTE RELATING TO JURISDICTION OF DISTRICT COURT CONSTRUED.— Section 3, page 120, of the Compiled Laws relating to the jurisdiction of the district courts in civil and criminal cases, simply refers to the territorial jurisdiction of those courts, and does not extend their jurisdiction to all criminal offenses of whatever grade.

APPEAL from the district court for Rio Arriba county. The case appears from the opinion.

*T. F. Conway, attorney-general,* for the appellant.

*S. B. Elkins,* for the appellee.

By Court, BRISTOL, J.:

At the September term of the territorial district court for the county of Rio Arriba in the year 1871, the defendant, Antonio Valdez, was indicted by the grand jury for the crime of assault and battery, committed upon one Maria Rosaria Tafoya, the indictment alleging that the defendant assaulted and unlawfully wounded and ill-treated and

other wrongs did to the said Maria, etc.    At the next ensuing April term of the court a motion was made on behalf of the defendant to quash the indictment on the ground that the district court had not original jurisdiction of the offense charged.    The motion was sustained by the court below, to which the territory, by the attorney-general, excepted.

The indictment evidently was found under section 11, chapter 55, page 360, of the Compiled Laws of New Mexico, which provides that if any person shall unlawfully assault or threaten another in a menacing manner, or shall unlawfully strike or wound another, he shall upon conviction be fined not exceeding one hundred and fifty dollars, or imprisonment not exceeding thirty days, or both such fine and imprisonment.    The indictment no doubt sufficiently sets out the offense under this statute.    The offense is of no higher grade than assault and battery.    Section 17, chapter 22, page 138, Compiled Laws of New México, is broad enough in its terms to confer jurisdiction of the offense charged upon justices of the peace, even to the imposition of a fine of one hundred and fifty dollars, and imprisonment for thirty days, while section 3, chapter 57, page 368, Compiled Laws of New Mexico, restricts the penalty to be imposed by a justice of the peace for that offense to a fine of fifty dollars.

These various provisions of the statute were in force at the time the indictment was found, and are in force still. The offense charged in the indictment being of no higher grade than assault and battery, a justice of the peace no doubt had original jurisdiction of it.    The only question to determine is whether the district court had concurrent original jurisdiction of the same offense.    There are several provisions of the statutes conferring criminal jurisdiction on the district courts.    Section 10, chapter 16, page 108, Compiled Laws of New Mexico, confers on the district courts jurisdiction of all criminal cases that shall not otherwise be provided for by law, and are therefore excepted from such jurisdiction.    Section 10, chapter 57, page 368, Compiled Laws of New Mexico, expressly excepts all criminal offenses that are cognizable before justices of the peace from the list of

offenses that shall be presented by indictment. But the provision of the statutes on which the attorney-general relies as conferring on the district court jurisdiction of the offense of assault and battery is section 3, page 120, of the Compiled Laws of New Mexico, which provides that "the district courts in the various counties shall have jurisdiction in all civil cases in said counties which according to law belong to the district courts, and of all criminal cases that may originate in said counties or that may be presented by indictment, information, or by appeal."

Taking the whole act together of which this section is a part, it is evident that its purpose was not to change the limits of the jurisdiction of the district courts, either as to civil or criminal cases, but to adapt the jurisdiction as then limited by law to the several counties organized for judicial purposes. That part of section 3 of this act which refers to criminal cases is in language that necessarily refers to and is qualified by the preceding part of the section, so far as relates to the extent of jurisdiction; that is, the district courts under that section were authorized to exercise jurisdiction, in the various counties, of criminal as well as civil cases arising therein which, according to law, then belonged to the district courts in their respective judicial districts. We are of the opinion that a fair construction of the statutes on the subject justifies the conclusion that at the time the indictment was found and presented the offense of assault and battery was expressly excluded from the crimes of which the district courts had original jurisdiction.

The order of the court below quashing the indictment on motion is therefore affirmed.